

**U.S. Department of Justice**
United States Attorney
Northern District of Texas

*1100 Commerce St. 3rd Floor*  *Telephone (214) 659-8600*
*Dallas, Texas 75242*  *Fax (214) 659-8602*

August 15, 2025

Lyle W. Cayce, Clerk
United States Court of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA  70130-3408

Re:   Government's Supplemental Letter Brief Regarding
      *United States v. Duffey et al.*, No. 22-10265

Mr. Cayce:

Please accept this letter brief in satisfaction of the Court's July 29, 2025, directive ordering supplemental briefing addressing what action the Court should take on remand.

On June 26, 2025, the Supreme Court reversed and remanded after finding that the First Step Act's amendments should apply in cases like these, where a sentence for a conviction under 18 U.S.C. § 924(c) has been vacated and resentencing is required.  *Hewitt v. United States*, 145 S. Ct. 2165, 2179 (2025). This Court, in turn, should remand this matter to the district court for resentencing on all remaining counts.

Each defendant has five remaining convictions under 18 U.S.C. § 924(c), as well as multiple convictions including bank robbery, conspiracy to commit bank robbery, unlawful possession of a firearm by a convicted felon, and (for

defendant Jarvis Ross) kidnapping. The Supreme Court's decision means that the mandatory-minimum sentence for each Section 924(c) conviction is now five years. The district court sentenced the defendants in the aggregate. (ROA.685, 5220, 6242.) Because the sentence was a "package," the Court should allow the district court to reevaluate the sentences on all remaining counts of conviction in light of the reduced mandatory minimums and after weighing the factors in 18 U.S.C. § 3553(a). *See Pepper v. United States*, 562 U.S. 476, 507 (2011) (observing that, where a district court's "original sentencing intent may be undermined by altering one portion of the calculus, an appellate court . . . may vacate the entire sentence" to allow the sentencing court to "reconfigure" the sentence to satisfy the statutory sentencing factors) (internal citations and quotation marks omitted); *United States v. Clark*, 816 F.3d 350, 360 (5th Cir. 2016) (stating that interrelated sentences on multiple counts must be unbundled and the defendant resentenced on all counts).

                                      Respectfully submitted,

                                      Nancy E. Larson
                                      Acting United States Attorney

                                      *s/ Amy J. Mitchell*
                                      Amy J. Mitchell
                                      Assistant United States Attorney
                                      Texas Bar No. 24029734
                                      Oklahoma Bar No. 17674
                                      U.S. Attorney's Office
                                      1100 Commerce Street, Room 300
                                      Dallas, Texas 75242
                                      Phone: (214) 659-8771
                                      Email: amy.mitchell@usdoj.gov

cc:    Vivek Jampala, Kevin Ross, Russell Wilson (*by CM/ECF*)

## **CERTIFICATE OF COMPLIANCE**

      This document complies with the type-volume limit of his Court's July 29, 2025, supplemental briefing order. This document contains 294 words.

      This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Calisto MT font.

                                        *s/ Amy J. Mitchell*
                                        Amy J. Mitchell
                                        Assistant United States Attorney